```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RASHEIM HAGWOOD,              :    CIVIL ACTION
                              :    NO. 21-4966
        Plaintiff,            :
    v.                        :
                              :
CITY OF PHILADELPHIA, et al., :
                              :
        Defendants.           :
```

**O R D E R**

**AND NOW**, this **25th** day of **May, 2022**, after considering Defendant's motion to dismiss, the response thereto, and after a hearing on the record, it is hereby **ORDERED** as follows:

1. Defendant's motion to dismiss (ECF No. 21) is **GRANTED** for the reasons stated in the accompanying memorandum;

2. Plaintiff's claim of negligence (Count I) is **DISMISSED with prejudice.** Plaintiff's section 1983 claims (Counts II, III) are **DISMISSED without prejudice**;

3. Plaintiff may file a Third Amended Complaint or a statement that he plans to stand on his Second Amended Complaint by **June 8, 2022**;

4. If Plaintiff files a Third Amended Complaint, Defendant shall submit an answer or motion to dismiss by **June 22, 2022**;

5. If Plaintiff does not wish to amend his Second Amended Complaint and instead intends to stand on his Second Amended Complaint as originally pled, he may file a notice with the Court by **June 8, 2022** stating that intent. Failure to act by **June 8, 2022** will be deemed a decision by the Plaintiff that he wishes to stand on his Second Amended Complaint. If Plaintiff advises the Court that he will stand on his Second Amended Complaint, or if Plaintiff otherwise fails to act by **June 8, 2022,** the Court will issue a final order dismissing the case with prejudice due to Plaintiffs' failure to state a claim upon which relief can be granted. See Weber v. McGrogan, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**